CASE 48—INDICTMENT—MAY 15.

# Robertson v. Commonwealth.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

1. SHANTY BOATS—LICENSE—CONSTITUTIONAL LAW.—Section 182, of the Kentucky Statutes providing a penalty "for any person who resides and makes his or her residence upon any boat, or other water craft, upon the Ohio, Mississippi, Kentucky, or other navigable river or water course, within this State, for the purpose of residing or engaging in any business, trade, or traffic, or for any purpose whatever" without first obtaining a license therefor, is not in violation of either the State or federal Constitutions, and the right of the State to impose the conditions prescribed in the statute is embraced within its police power. Nor is the statute obnoxious to the Federal Constitution in respect to commerce among the States.

JOHN H. HENDRICK, C. W. WATTS AND J. C. HODGE FOR APPELLANT.

1. The statute expressly exempts from its operation steam vessels, and thereby discriminates between citizens navigating streams within the Commonwealth. Thurman v. Morrison, 14 B. M., 296; Daniel v. Trustees of Richmond, 78 Ky., 542; Fecheimer Bros. v. City of Louisville, 84 Ky., 306; Commonwealth v. Smith, 13 Ky. Law Rept., 364 (92 Ky., 38); Ex parte Sing Lee Central Law Journal, vol. 36, p. 4, vol. 37, pp. 21, 22, and 211; vol. 38, p. 70; City of St. Louis v. Roche, 31 S. W. Rept., 915; Kent's Com., vol. 3, secs. 425, 426, 427, 428, and notes.
2. Under the act of Congress of July 13, 1787, it is declared to be a fundamental provision that the navigable rivers and water ways emptying into the Mississippi and St. Lawrence rivers shall remain forever free, and are to be common highways. And it is expressly provided in section 11, of the compact between Virginia and Kentucky, that the use and navigation of the Ohio river should be free and common to all the citizens of the United States.
3. The statute interferes with inter-state commerce and deprives citizens of prescriptive rights acquired by long indulgence.

W. S. TAYLOR FOR APPELLEE.

1. The State has the power to impose a license fee for persons living upon rivers within the State and engaging in any business, trade or traffic, or for any purpose whatever; and the State does not therefore, discriminate between persons who make their habitation upon boats.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

By the provisions of section 182 of the Kentucky Statutes it is made a misdemeanor "for any person to reside and make his or her residence upon any boat or other water craft upon the Ohio, Mississippi, Kentucky or other navigable river or water course within this State for the purpose of residing or engaging in any business, trade or traffic, or for any purpose whatever, without first obtaining from the clerk of the county court of the county in which such boat

or .water-craft is to lie or ply, and such business, trade or traffic or residence is to be carried on, a license so to do for each head of family, for himself and his family, which license shall only be granted upon satisfactory proof of the good character of the applicant, and the payment of a license fee of five dollars, and the clerk's fees for making out such license." Appellant Robertson 'was indicted under this statute, and upon proof that he resided on a shanty boat with his family, making the boat, which was lying in the Ohio river and tied to the Kentucky shore, his home, and was engaged in the occupation of fishing, he was found guilty, notwithstanding his contention on the trial, and which he still urges, that the law is unconstitutional.  It is his contention that the privilege of living where one chooses is an inalienable right, of which the citizen can not be deprived by taxation, any more than his home can be taken by force of arms.  'We apprehend, however, that, when one takes up his home on the highway, his very right of occupancy rests on the will of the sovereignty, and his being there at all, except as he may use it in common with the public, and in pursuance of the purpose of its dedication, depends on the will of the government.   The waters of the Ohio are within the jurisdiction of this State, and the right to occupy this highway permanently must be exercised on such conditions as may be imposed by the State.   The appellant's plea, therefore, can not be founded on any claim of right.   We think, too, that the right of the State to impose the conditions prescribed in the statute is embraced within its police power. The shanty boatman has no fixed home, in any true sense. He is a wanderer, and usually recognizes allegiance and

duty to no town, city, district or State. We are not authorized to denominate him a vagrant, but the fact remains that his presence is usually the source of disquietude in whatever community he may pitch his location. Any regulation of law, therefore, which serves to identify him and render him accessible to police inspection must conduce to the quiet, good order, and safety of the general public. Nor does the statute occur to us to be obnoxious to the Federal Constitution in respect to commerce among the States, as suggested by counsel.

The judgment below upholding the law must be affirmed.