Case 2.—ACTION BY MATTIE J. AZBILL, &c. AGAINST LULA
E. FORD, &c., TO RECOVER A HOUSE AND LOT.—Feb-
ruary 16.

## Ford, &c. v. Azbill, &c.

Appeal from Clark Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for plaintiffs. Defendants appeal. Re-
versed.

Land — Judicial Sale — Misdescription of Property — Ambiguous
Judgment—Reference to Pleadings.

1. Land—Judicial Sale—Misdescription of Property—In an action
to enforce a purchase-money lien on a dwelling house and lot
and two adjoining lots, the pleading described all three of
the lots, and the judgment directed the sale of the dwelling
house and the two vacant lots adjoining, but in giving the
boundary the decree omitted the boundary of the dwelling
house lot. The commissioner sold all three of the lots, but
in his deed to the purchaser he gave the boundary of the
vacant lots and omitted the boundary of the dwelling
house lot. Held—That in an action by the former owner
to recover the dwelling house that the purchaser at such sale
was entitled to hold the entire property.

2. Ambiguous Judgment—Reference to Pleadings—Where the en-
try of a judgment is ambiguous, or so obscure as not to clearly
express the exact determination of the court, reference may
be had to the pleadings and other proceedings, and if with
this light thrown upon the entry its obscurity is dispelled and
its intended significance made apparent, the judgment will be
upheld and carried into effect as it was intended.

PENDLETON & BUSH for appellants.

(No brief for appellant in the record.)

J. SMITH HAYS and B. R. JOUETT for appellee.

### POINTS AND AUTHORITIES.

1. A conveyance having the following description: "A certain
dwelling house and two lots, situated in the city of Winchester,
Ky., in Massie's Addition to said city, and which are bounded as
follows:" (Here follows the description of the two lots by metes

and bounds.) "Said lots are numbers 15 and 16 in said addition, the dwelling being located on one said lots," conveys only the two lots, 15 and 16.

Lots in a city or town are susceptible of division, and it is the duty of the commissioner to sell them separate. (Ficener v. Botts, 16 Ky. Law Rep., 519; McLaughlin v. Schneid, 11 Ky. Law Rep., 648.)

2. It is the policy of the law to uphold judicial sales. The rule of caveat emptor applies to such to the fullest extent, and the purchaser takes only such title as is obtained by confirmation. (Binningfield v. Reed, 8 B. M., 105; Thornton v. Grath, 1 Duvall, 354; McGhee v. Ellis, 4 Littell, 245; Farmer's Bank of Ky. v. Peter, 13 Bush, 594; Henning v. Sweeney, 4 Ky. Law Rep., 986; Cooper v. Hill, 6 Ky. Law Rep., 742; Williams v. Glenn, 87 Ky., 87; Roer on Judicial Sales, Sec. 174.)

3. After confirmation of a sale the court loses all power over it, except during the term at which the order is made. (Yocum v. Foreman, 14 Bush, 500; Humphrey's Ex. v. Walle, 84 Ky., 400; Dawson v. Littsey, 10 Bush, 411.)

4. The judgment of 1896 in the case of Flannigan v. Azbill, after sale and confirmation, could only have been vacated or modified by a direct proceeding in one or more of the methods provided by our Civil Code in sections 344, 518 or 520. (Combs v. Johnson, 26 Ky. Law Rep., 12; Anderson v. Anderson, 18 B. M., 95; Hucker v. Gentry, 3 Met., 469; Scott v. Scott, Ex'r, 9 Bush, 174; Maddox, Ex'r v. Williams, 87 Ky., 147.)

5. This court can not restrain appellee from asserting title to property admitted to be hers because appellant thought he had bought it. (Combs v. Johnson, 26 Ky. Law Rep., 12.)

OPINION BY JUDGE PAYNTER—Reversing.

The appellee, Mattie J. Azbill, purchased of Mrs. Alice M. Owen a house and lot situated in Massie's Addition to the city of Winchester, and two vacant lots adjoining the house and lot, but in the rear of it. The consideration was $500 cash, and two notes, each for $1,150. One note was assigned to James Flannigan, who instituted an action thereon to enforce the purchase-money lien. The petition correctly describes the property sought to be sold; and the deed which Mrs. Owen had made to the appellee, filed and made part of the petition, also correctly describes the

property. The court also adjudged that the property could not be divided without materially impairing its value. The following plat shows the situation of the property:

Broadway St.

Fence
Fence · Fence
Dwelling House Lot
Second

Alley · Fence · Fence Alley

(E. 175 Ft.)
(16)
Back Lot
Undivided.
(15)
(W. 175 Ft.)

(100 Ft.)
Ave. (100 Ft.)

(14)

In the judgment enforcing the lien the property is ·described as follows: "It is further adjudged that said debt is a lien on a certain dwelling house and two lots situated in the city of Winchester, Kentucky, and in Massie's Addition to said city, which are bounded as follows, viz: 'Beginning at a stake in the margin of Second avenue, corner of alley; thence in line of said alley E. 175 feet to an alley; thence 100 feet in line of alley to a stake, corner of lot No. 14 in said Massie's Addition; thence in line of said lot W. 175 feet to a stake in the margin of second avenue; (thence S. with avenue) 100 feet to the beginning.' Said lots are Nos. 15 and 16 in said addition—and that the

plaintiff has a right to enforce said lien on said house and two lots, the dwelling being located on one of said lots." The property was sold by the commissioner of the court under that judgment. Flannigan became the purchaser. The sale was confirmed, and a deed made in accordance with the description contained in the judgment. The appellant under the purchase at the decretal sale took possession of the house and lot and the two vacant lots, and remained in possession of them about five years, when this action was brought to recover the house and lot upon the claim that it was not sold at the decretal sale, but only the two vacant lots.

The question here for our determination is whether the entire property was sold, or only the two vacant lots. The property brought $1,300 at the sale. The vacant lots were worth about $250 at that time. There was a lien upon all the property for the purchase-money. There was no dwelling upon lots Nos. 15 and 16. The judgment recites that there is a lien upon the dwelling house and two lots; that the plaintiff has the right to enforce the lien on "said dwelling house" and two lots; that "said dwelling house and two lots" be sold. The commissioner was directed to advertise the dwelling house and lots. The report of the sale shows that the dwelling house and two lots were appraised at $1,650. The order confirming the report of sale describes the property as a dwelling house and two lots situated on East Broadway. It is further recited that Flannigan was the purchaser of the dwelling house and two lots. The parties to the action, including the appellee, supposed the entire property was sold, because the possession of it was taken under the judgment; and the appellee recognized that the entire property had been sold, because she never questioned it until the appellants discovered

what they supposed was a defect in the description of the property, and sought to have the appellee correct it. The property sold was on East Broadway, and unless the lot upon which the dwelling was situated was sold the property could not bind on East Broadway. No dwelling house could have been sold unless the lot fronting on East Broadway was included in the sale. The appraisers could not have valued a dwelling house unless it was the one fronting on East Broadway. No dwelling house was ordered sold, or sold under the judgment, unless it was the one on the lot fronting on East Broadway. It is impossible to believe that the plaintiff would have paid $1,300 for the vacant lots, worth only $250, when a lien existed upon the entire property. The difficulty arises from the fact that the judgment, after giving a general description of the property ordered sold, then, in giving the metes and bonds, describes the vacant lots. Counsel for the appellee, in the opening statement of their brief, say: "This record presents a strange case. It might correctly be styled a request that the Court of Appeals take from appellee her property and give it to the appellant." In this view we do not concur. The question is whether the court will allow the appellee to take from the appellant property which she actually purchased, and in which the appellee for many years acquiesced, and give it to the appellee, because of an error in the description of it. No one could examine this record without reaching the conclusion that the entire property was intended to be sold, and the appellee and the purchaser both understood that it was sold. The deed and petition correctly describe the property upon which the lien existed, and which was ordered sold. The fact that the court adjudged that the property upon which the lien existed could not be divided without materially impairing its

value shows that the court did not intend to order sold only part of it. To sustain the contention of the appellee we would have to hold that the court only intended to sell part of the property, instead of the whole. To do this we would disregard the declaration of the court that the entire property was intended to be sold. To ascertain what the court meant we must take the whole judgment, not merely part of it. We must take that recitation in the judgment that the dwelling house is ordered sold; that the lot fronts on East Broadway. In that connection we must consider that the court adjudged that the whole property in lien should be sold. This court, in Hildebrand, &c., v. Bunnschu, &c., 40 S. W. 920, 19 Ky. Law Rep., 430, said: "It is true that the description of the land, as set out in the judgment sale and conveyance relied on by appellees, is in some respects essentially different from that in the deed to Andree, yet the deed to Andree was referred to in said suit, and other known objects; hence it is manifest that the intention was to sell and convey the idential land sued for." In section 3, volume 1 (2d Ed.), Black on Judgments says: "It remains to be stated that in case of ambiguity a judgment should be construed with reference to the pleadings, and, when it admits of two constructions, that one will be adopted which is consonant with the judgment which should have been rendered on the facts and law of the case." Again, in section 123, it is said: "The rule for construction of ambiguous judgments is clearly stated by the Supreme Court of Kansas in the following language: 'Wherever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and the other proceedings; and, if, with the light thus thrown upon such entry, its obscurity is dispelled and its intended sig-

nificance made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms.' This rule also applies to decrees in equity. The meaning and effect of a decree may, in case of doubt, be ascertained by reference to the bill and other proceedings, particularly when these are referred to in the decree itself. And for this purpose recourse may be had to duly attested stipulations between the parties. * * * A mistake apparent on the face of a judgment, amounting to an impossibility, will not destroy the judgment, if enough remains, after it is corrected or eliminated, to disclose the actual judgment rendered.''

We have reached the conclusion that the appellant is entitled to hold the entire property.

The judgment is reversed for proceedings consistent with this opinion.