Case 33.—ACTION BY FRANCES WOLFE AND OTHERS FOR
A JUDICIAL SALE OF LAND AND DIVISION OF THE PRO-
CEEDS AMONG THOSE IN INTEREST.—March 25.


## Wise v. Wolf, &c.

Appeal from Shelby Circuit Court.

R. F. PEAK, Circuit Judge.

From the Judgment overruling exceptions to the
sale the purchaser, E. H. Wise, appeals.    Affirmed.

Judicial Sales—Relief from Bid—Lien—Limitation—Adverse Pos-
session—Bar—Infancy—Valid Title—Separate Parcels—Sepa-
rate Interests Therein—Sale as a Whole—Wife not Party—
Boundary—Misdescription Pending Will Contest — Special
Term—Confirmation—Premature.

1. Judicial Sales—Relief From Bid—While the rule of caveat emptor
applies in all its strictness to judicial sales, when a purchaser,
before confirmation, shows a failure of title in some material
particular a court of equity may relieve him of his bid where
it was made under a clear misapprehension of fact or law in-
ducing the bidding.
2. Limitation—An unreleased lien on land for purchase money
must be deemed to be barred by limitation against a deced-
ent's estate after fifteen years.
3. Adverse Possession—After thirty years' continuous, adverse pos-
session of land in this State, all rights of others are barred,
no matter under what disabilities the true owner may have
labored.
4. Same—Infancy—Where a grantee of land took possession of his
purchase, not recognizing or admitting the right of any other
person to enjoy it, or any part of it with him, but in hostility
to every other title, under a warranty of a complete title, his
possession is adverse to any owner who did not join in the
conveyance, although such owner may have been an infant.
5. Valid Title—Lands sold at a judicial sale which had been in the
adverse possession of the decedent (for whose estate it was
sold) and those claiming under him, for more than fifteen
years before the suit, which fact was set out in the petition,
conferred upon the purchaser a good title thereto.
6. Separate Interest in Separate Parcels—Sale as a Whole—In a

sale of land as a whole for a division of the proceeds, where the heirs are by different parents and do not own a joint interest in each parcel, the fact that one of the heirs, who is an infant, owns an interest in a portion of the tract which is of a greater value than an average of the whole tract, is not cause for setting aside the sale, as this fact can be ascertained by the court before distribution, and the proceeds apportioned so as to give to such infant its equitable interest therein.

7. Wife Not Party—A sale will not be set aside because the wife of one of the defendants is not a party to the suit, as she can still be brought before the court before distribution of the sale money, and her potential interest ascertained and paid to her out of her husband's share.

8. Misdescription of Boundary—Where the land intended to be sold is manifest, the sale will not be set aside because of a misdescription of the boundary caused by a resurvey by the officer making the sale, nor because said survey was not filed, nor because some taxes are due on the land which can be paid out of the sale money before distribution.

9. Setting Aside Sale—The sale will not be set aside because one of the daughters of deceased is claimed to have died testate, devising all her property to her sister, and that her will is being contested, because if the will is probated her sister, who is a party to this action, will be bound by the decree, and if rejected, then all her heirs are parties to this action and are bound by the judgment and sale.

10. Valid Sale—Special Term—A sale of land made and confirmed at a special term of the circuit court, regularly called, is valid.

11. Confirmation—Same Day of Filing Report—A sale confirmed the same day the report was filed, though unusual, is not invalid as to the purchaser, where it is not shown that the purchaser was not prevented by that act from filing exceptions of merit to the sale, and does not show to have been prejudiced thereby.

GEORGE NICHOLAS AND J. C. BECKHAM & SON for appellant.

## SYNOPSIS OF ARGUMENT AND AUTHORITIES.

1. Appellant Wise did not know, and was never informed, that there would be special term of Shelby Circuit Court held February 20, 1904.

2. The order of Shelby Circuit Court of February 6, 1904, calling for a special term of that court on February 20, 1904, was not

Wise v. Wolf, &c.

constructive notice to appellant Wise of the calling of such term as he was not a party to the suit at the time such order was made.

3. Confirmation of the sale in this case at special term held on February 20, 1904, was not binding on appellant Wise, and should not prevent his filing exceptions to report of sale, and the doctrines in Kincaid v. Tutt, 88 Ky., 392, do not apply to the facts in this case.

4. Court erred in not allowing report of sale to lie over for exceptions.

5. Sale should have been set aside because of encumbrances and defects noted in exceptions, and paticularly because the court had no jurisdiction to make the sale in the way it did make it. Subsec. 2 of sec. 490 authorizes the sale of a vested estate in possession, and does not authorize the sale of two or more vested estates in possession, together, at least in those cases where selling two or more such estates together will result in an inability to divide the proceeds according to the interests of the parties.

6. The purchaser is not estopped to question the title because the pleadings disclose the defects complained of, there being nothing in the judgment of sale or advertisement informing the public that the title to be sold was defective or encumbered.

AUTHORITIES CITED.

3 B. M., 414, Johnson, &c. v. Lyle's Adm'r; 5 B. M., 155, Sharp v. Pike, Adm'r; 18 B. M., 33, Commonwealth v. Graves and Clary; 7 Bush, 320, Blimm v. Commonwealth; 7 Bush, 591, Huber v. Armstrong; 13 Bush, 239, Washington Co. v. Thompson, &c.; 7 Ky. Law Rep., 666, Shelby v. Welch; 11 Ky. Law Rep., 297, Bales v. Commonwealth; 94 Ky., 529, Toler v. Commonwealth; sec. 964, Ky. Stats.; 16 B. M., 290, Carpenter v. Strother's Heirs; 10 Ky. Law Rep., 456, Jenkins v. Croften.

N. L. BRONAUGH and WILLIS & TODD for appellees.

1. "It is a well-settled principle that in judicial sales there is no warranty. The principle holds good in all those sales of real estate made in equitable proceedings under the direction and control of the courts * * * in proceedings for partition."

"The rule caveat emptor applies in all its rigor to judicial sales of real property." (Rorer on Judicial Sales, sec. 459.)

2. According to our conception the description given fairly bounds the land in such a way that they can be identified with reasonable certainty. And which must have been identified by appellant, for acting upon these descriptions he appeared at the sale, bid upon the land and became the purchaser.

3. The appellant's contention that the allegation in the peti-

tion that "the property can not be divided without materially im-
pairing its value and the value of plaintiff's interest," should be
supported by evidence, is, we think, amply refuted by the authori-
ties he cites, viz: Friddle v. Konn, 14 Ky. Law Rep., 312; Perkins
v. McCarley, 16 Ky. Law Rep., 901.

4. What difference does it make to the purchaser whether the
proceeds of the sale are distributed accurately or not, whether it
is distributed in a day, or the parties choose to· litigate over
the distribution through interminable ages?

5. The court had jurisdiction to order the sale; the parties were
all properly before the court.   The sale was properly advertised
and conducted; the appellant voluntarily became the purchaser
at the sale, thereby becoming a party to the suit, and was bound
to take cognizance of the entire record in the case, in which a
special term had been properly called; the sale was properly con-
firmed at the special term; no exceptions were filed at the special
term, nor at either of the three rule days that intervened between
that time and the May term of court; the purchaser took immediate
possession of the property under the order of court entered at the
special term, granting him possession thereof, and placed it in
the care and custody of a tenant of his own choosing; the dwelling
house on the premises was burned, presumably by the negligence
or carelessness of this tenant, or of some member of his family.
Whether he had actual notice, or knew that there would be a
special term of court held on the 20th day of February, 1904, to
confirm this sale or not, acting under the orders entered at that
term, he ratified what the court had done, and it is now too late
for him to complain.

AUTHORITIES CITED.

Todd v. Dowd, 1 Met., 284; Megowan v. Pennebaker, 3 Met., 502;
Vanbussum v. Maloney, 2 Met., 551; Kincaid v. Tutt, 88 Ky., 392;
Yocum v. Foreman, 14 Bush, 500; Anderson v. Anderson, 18 B.
Mon., 97; Rorer on Judicial Sales, secs. 458 and 459; The Monte
Allegre Case, 9 Wheat., 616; Puckett v. United States, 4 Am. Law
Reg., 460; Bingham v. Mancey, 15 Ill., 295; Farmers Bank of Ky.
v. Peter, 13 Bush, 591; Humphrey's Ex'or v. Wade, 84 Ky., 400
and 401; Taylor v. Helm, 5 Ky. Law Rep., 324; Fearons v. Galle-
gher, 7 Ky. Law Rep., 298; Friddle v. Konn, 14 Ky. Law Rep., 312;
Perkins v. McCarley, 16 Ky. Law Rep., 901; Holland v. Holland, 21
Ky. Law Rep., 105; Civil Code, secs. 518 and 520.

OPINION BY JUDGE O'REAR—Affirming.

Herman Rothschild owned about 400 acres of land

in Shelby county—part of it jointly with one of his sons. Herman died testate, making an unequal disposition of his estate. Several of his children have since died intestate and unmarried. The children were not all full brothers and sisters. In consequence, the land, having been owned in several tracts though adjoining, was not susceptible of division—even if it be deemed as one tract—so as to set off to some of the ultimate heirs their respective portions, without greatly impairing its value. This suit was brought under sub-sec. 2 of sec. 490, Civil Code Practice, for the sale of the land, that its proceeds might be divided among those in interest. A decree of sale was rendered at the January term, 1904, of the Shelby Circuit Court. No time was fixed in the judgment for the sale. The commissioner advertised it immediately, and sold it on the first day of the county court in February, 1904. Appellant was the highest and best bidder, and executed bonds in accordance with the terms of the judgment. At the January term, 1904, the court, by an order of record, called a special term of the Shelby Circuit Court, to be held February 20, 1904, to consider and dispose of any motions arising in and try certain designated cases on the docket, including this case. The sale was reported to the court at the special February term on February 20, 1904, and, there being no exceptions filed, the sale was that day confirmed, and a deed ordered to be made to the purchaser. At the next regular term, which was in May, appellant, the purchaser, filed exceptions to the commissioner's report of sale, and moved that the order confirming the report made February 20th be set aside. The substance and effect of the grounds for setting aside the order of confirmation, in so far as they are competent to open up such an order after the term at which it is entered, may be stated as acci-

dent and surprise suffered by the complaining party, by which he was prevented from appearing and defending the action.

It is settled in this State that an order confirming a judicial sale is a final judgment, over which the court rendering it has no control after the expiration of the term at which it was entered. (Carpenter v. Strother, 16 B. Mon., 295; Megowan v. Pennebaker, 3 Metc., 502; Thompson v. Brownlie, 76 S. W., 172, 25 Ky. Law Rep., 622; Dawson v. Litsey, 10 Bush, 408, except for the causes mentioned in secs. 518, 340, Civil Code Practice, regulating the granting of new trials after the term at which the judgment may have been rendered (Hocker v. Gentry, 3 Metc., 463; McManama v. Garnett, 3 Metc., 517).

Sec. 521, Civil Code Practice, requires, as a condition precedent to a complainant's right to have a new trial under sec. 518, that he must state in his application or petition, and must establish, a valid defense. It, therefore, becomes necessary to first look into the exceptions taken to the sale by the purchaser, as, if they are not a valid defense to the confirmation of the sale, the judgment of the court will not be disturbed on a mere matter of informality of practice, where no substantial injury is done to the party complaining.

The exceptions are numerous, and go to the point of questioning the validity of the judgment, as well as its regularity. They also raise the sufficiency of the title sold to certain parts of the land. While the rule of caveat emptor applies in all its strictness to judicial sales, it is not thought that, when a purchaser before confirmation shows a failure of the title in some material particular, a court of equity may not relieve him of his bid, where it was made under a clear misapprehension of fact or law, inducing the bidding.

This case, for the purposes for which we are considering it, may be deemed as coming up on the exceptions before confirmation, as we are to look at it as if the exceptions were presented as a defense to the motion to confirm.

Exception No. 1 is because the records of the Shelby county court clerk's office show an unreleased lien against part of the land sold, being for a balance of purchase money, evidenced by notes due March 1, 1887, and March 1, 1888, respectively. As more than 16 years have gone since a cause of action arose upon the notes, they must be deemed barred by limitation against the decedent's estate. (Secs. 2514, 2528, Ky. St., 1903; Yeates v. Weedon, 6 Bush, 438; Prewitt v. Wortham, 79 Ky., 287, 2 Ky. Law Rep., 282; Kendall v. Clark, 90 Ky., 179, 11 Ky. Law Rep., 980, 13 S. W. 583.) Even if kept alive by promises or payments in the meantime, they are nevertheless barred as liens against the land in the hands of a subsequent innocent purchaser for value. (Tate v. Hawkins, 81 Ky., 577, 5 Ky. Law Rep., 626, 50 Am. Rep., 181; McCracken County v. Mercantile Trust Co., 84 Ky., 344, 8 Ky. Law Rep., 314, 1 S. W., 585.)

The second exception is that in 1859 certain named persons, as heirs at law of one Thomas McClain, purported to convey to Herman Rothschild a parcel of land now sold under the court's decree; that as a matter of fact, the grantors in that deed were not the only heirs of Thomas McClain; that certain others, some of whom were then infants, were also heirs, and, as such, owned undivided shares of that tract; that the deed was invalid for certain informalities, and, by reason thereof, failed to convey the title of certain others of the heirs, named as grantors, and that the statutes of limitation cannot be invoked by Rothschild, because, being a mere joint tenant in the

ownership of the land, his possession was not adverse to the others, but was amicable. After 30 years of continuous adverse possession in this State, all rights of others are barred, no matter under what disabilities the true owner may have been laboring. (Sec. 2508, Ky. St., 1903.) Rothschild bought the land, and it was attempted to be conveyed to him—the whole of it—by those heirs who joined in the deed. They did not attempt to convey, nor does the deed show that Rothschild thought of buying less than the whole tract. When he entered into possession under his purchase he took possession not recognizing or admitting the right of any other person to enjoy it, or any part of it, with him, but in hostility to every other title. The grantors warranted to him the complete title against all claims, and went so far as to specifically guaranty the title against the claims of certain infants, whose conveyance, when they attained their majority, the grantors undertook to get. This precise point was before the court in Pope v. Brassfield, 110 Ky., 128, 22 Ky. Law Rep., 1613, 61 S. W., 5; and it was there decided that the grantee under a similar conveyance took adversely to the owner who did not convey, and not amicably, as a joint tenant. (Also, see Larman v. Huey, 13 B. Mon., 436, and Riddle v. McBee, 4 Ky. Law Rep., 898.) The lien reserved in the deed of 1859, and not released of record, is long since barred by limitation, and is not a cloud against the title.

The third exception goes to the sufficiency of the title to some 15 acres to which the Rothschilds do not show any proper conveyance. It is alleged in the petition, however, as well as otherwise shown in the record, that Herman Rothschild, and those claiming under him, had been in the actual adverse possession of this parcel of land, claiming and using it openly

and exclusively, for more than 15 years before the suit was brought. This conferred upon them, even if they did not own it before, a perfect title, so far as the record shows, and so far as is claimed. (Sec. 2505, Ky. St., 1903; Terrill v. Herron, 4 J. J. Marsh, 527; Marshall v. McDaniel, 12 Bush, 381.) The section of the Civil Code of Practice (sec. 499) requiring the filing of the written evidences of title for the division of land obviously cannot apply to this pro ceeding.

The fourth exception raises the question of the validity of the calling of the special term of court for February 20, 1904, which will be particularly noticed further along.

The fifth exception complains that the judgment of sale is void, for each of two reasons: ''(1) Because it is not sufficiently stated that the property sold is 'a vested estate in possession.' '' Under sec. 490 of the the Civil Code of Practice, only such estates can be sold under this proceeding. The petition does set out the character of the title owned by the parties, which shows on its face a vested estate in possession—the correct manner of pleading that fact, instead of using the pleader's conclusion without the facts. And: ''(2) This suit was brought, as shown by the pleadings, under subsec. 2 of sec. 490, Civ. Code Prac., for the purpose of selling the real estate described in the pleadings, that the proceeds of sale might be divided among those entitled; that it is not possible to do this, under this sale, because all the property described in the petition was sold as one tract, and said property is composed of tracts of land derived from three different sources, in which plaintiff and defendants are interested in different ways and in different proportions.'' The land sold as a whole for $46.50 per acre. It was appraised as a whole

(though not required by law to be appraised at all) at $45 per acre. It may be true that each acre is not worth precisely what every other acre is. In that event, it may be possible that by the process adopted in making this sale some of the owners suffered, while others gained. So far as the adults are concerned, the matter is not objectionable, for, if they saw proper to adopt it, and have had the sale confirmed notwithstanding, they are bound by it, so far as the purchaser is concerned. But one of the defendant owners is an infant. The interest of that one may be the one which has suffered by the course indicated. If it has, within a given time after arriving at majority the case could be re-opened, and the error shown by the infant, and the purchaser made to bear the loss, if the purchase money has by that time been paid to the heirs and is gone. But there is no occasion to take that risk. The purchase money is yet to be paid into court, and its distribution has been expressly reserved by the judgment of the court. The circuit court can and should investigate the question as to whether the lands in which the infant has the greatest interests were of greater average value than the other tracts, and, if so, the extent of the difference. If found to exist, the court can and should adjudge to the infant out of the purchase money, adjudging the remainder to the adults as their interests are or may be fixed by the record. In this way the interests of the infant and of the purchaser will be fully protected.

The sixth exception is that one of the defendant owners (Samuel Rothschild) was a married man, that his wife was not joined in the suit, and that her inchoate dower in her husband's interest in the land is a cloud upon the title sold. (Sec. 495, Civ. Code Prac.; Woman's Club v. Reed, 64 S. W., 739, 65 S.

W., 862, 23 Ky. Law Rep., 1346; 111 Ky., 806.)
The court may, and should yet, cause her to
be made a party defendant, if living, and the
value of her potential right found and paid to her
out of her husband's share of the proceeds of the sale.
This precise practice was done and approved in Reed
v. Reed, 80 S. W., 520, 25 Ky. Law Rep., 2324.

The seventh exception relates to apparent discrep-
ancies in the description of the boundary as shown
by a comparison of the petition and the commis-
sioner's report of sale and deed. It is not claimed,
though, and doubtless is not a fact, that the land
ordered to be sold was not actually sold, and that
the descriptions of it, both in the petition and in the
commissioner's report, do not fully cover it. The
discrepancy occurred by reason of a resurvey caused
to be made by the commissoiner, and referred to in
the order confirming his report. The objection is
not substantial. Until some error is pointed out,
the niceties for exact verification desired by abstract-
ors will not be allowed to control, and to upset an
otherwise regular judicial sale. The sale passes the
title, notwithstanding there may have been a mis-
description in the judgment or commissioner's deed;
the land intended to be sold being manifest. (Hil-
debrand v. Bunnschu, 40 S. W., 920, 19 Ky. Law
Rep., 430.)

The eighth exception complains that the survey
last alluded to was not filed of record in the case.
That can be done yet, if desired.

The ninth exception relates also to the description.
The description is by metes and bounds, courses and
distances, and is as explicit in form as is customary—
indeed, more so—and sufficient in every sense. It
is not claimed that it is erroneous in any material
particular.

The tenth exception says that the answer of the infant defendant was filed by his mother, who styles herself in the pleadings as her statutory guardian, and that she does not exhibit evidence of the fact. The statutory guardian is the person required to file the answer. (Sec. 36, Civ. Code Prac.) It is not claimed that she is not in fact the statutory guardian. Until there is an issue upon that allegation, the proof of it is not required.

The eleventh exception is that taxes to the amount of $66.30 assessed against the land for the year 1903 had not been paid. Though a lien on the land, they were not due when the sale occurred. The proper practice is to have their amount credited on the sale bonds, and for the purchaser to pay them, or to require them to be paid out of the purchase money fund in court.

The twelfth exception is that one of the owners (A. Rothschild) conveyed his interest to another (Louis Rothschild) by deed dated July 9, 1898, reciting that $1,000 of the purchase money was not paid, and reserving a lien on the land to secure it; that A. Rothschild is dead, and that his personal representative has not been made party to the suit, and the lien has not been released. Let the personal representative be made a party before the purchase money is distributed, and his rights fully adjudged, and the money paid to him out of the fund in court, and the lien released by judgment of the court, unless it is done voluntarily sooner.

The final objection is that one of the daughters is claimed to have died testate in Colorado, devising to her sister all her property, including her interest in the lands sold; that the will offered for probate in Colorado is being contested; and that her interest in the lands is in abeyance. If the will is probated,

her sister, the devisee, being a party to this action, will be bound by the decree and sale in this case. If the will be rejected by the tribunal having the jurisdiction of it, then all her heirs at law who are her brothers and sisters (she having died then intestate, unmarried, and without parent living) are parties to this suit, and are bound by the judgment and sale. Besides, the court may, and doubtless will, in the present state of the record, hold the purchase money represented by that deceased sister's share until the controversy as to its inheritance has been finally decided.

We thus conclude that taking as true, all that appellant says in his exceptions as to the state of the title, still he got a good title, the fee simple to the land bought by him, under proceedings regular upon their face, and in a court having jurisdiction of the subject-matter of the action and of the parties to it. He presents no ground for setting aside the sale.

The remaining question is, was the special February term, 1904, of the Shelby circuit court, legally called, for otherwise its judgment confirming the sale would be invalid. By sec. 964, Ky. St., 1903, a special term of a circuit court may be held in any county whenever the business so requires, in the judgment of the judge, and may be called either by an order entered of record at the last preceding regular term in the county, or by notice signed by the judge, and posted at the courthouse door of the county for 10 days before the special term is held. "The order or notice shall specify the day when the special term is to commence, and shall give the style of each case to be tried, or in which any motion, order or judgment may be made or entered at the special term, and no other case shall be tried, or motion, order or judgment entered therein, unless by agreement of par-

ties." That section was literally complied with in this case. But appellant contends that, as he was not a party to the action when the order calling the special term was entered, he cannot be deemed to have had constructive notice of it. The statute does not contemplate that actual notice must reach persons to be affected by it. Constructive notice, resulting from a reasonable opportunity having been afforded them to know that the cases in which they may be interested are to be tried, is all that is practicable. A purchaser at a decretal sale becomes, when he has complied with the terms of the sale, a party to the action. He must take notice not only of what follows in the action, affecting his interest, but must look to what has gone before. (Kincaid v. Tutt, 88 Ky., 396, 10 Ky. Law Rep., 306, 11 S. W., 297; Bean v. Haffendorfer, 84 Ky., 685, 2 S. W., 556, 3 S. W., 138; 8 Ky. Law Rep., 739; Huber v. Armstrong, 7 Bush, 591.) That the sale was confirmed the same day the report was filed, though unusual—and, if it had been shown that the purchaser or other party were prevented by that act from filing exceptions of merit to the sale, would have been held an abuse of judicial discretion—does not seem to have been prejudicial in this case, as no one has, even at the succeeding term of court, presented any reason against the confirmation.

We conclude that appellant, as purchaser, got the complete title to all the land sold, and that the proceedings by which the sale was confirmed are without harmful error.

The judgment is therefore affirmed.