## Pedley, Receiver, et al. v. Williams, et al.

(Decided September 19, 1918.)

### Appeal from Daviess Circuit Court.

Judicial Sales—Tax Liens—Rights of Purchaser.—The purchaser at a judicial sale has the right to pay outstanding tax liens and receive credit therefor on the sale bonds or to have such tax liens discharged out of the purchase money, even though the tax liens be held by private individuals and the purchaser has notice of such tax liens at the time of the purchase.

W. P. SANDIDGE and F. C. MALIN for appellants.

C. W. WELLS and W. FOSTER HAYES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

H. A. Williams was the owner of certain real estate in the city of Owensboro. On this property Ellen K. Williams, wife of H. A. Williams, had a first lien to secure an indebtedness of $1,295.00. The Southern Bitulithic Company also had a first lien for $53.94. The Owensboro Savings Bank and Trust Company, which was in the hands of a receiver, and the Daviess County Bank and Trust Company, which had made an assignment to E. B. Anderson, had second liens on the property.

In this suit by T. A. Pedley, receiver of the Owensboro Savings Bank & Trust Company, the various lien holders were made parties and asserted their liens. The property was sold and Ellen K. Williams became the purchaser at the price of $3,630.00. Thereupon she excepted to the sale on the ground that W. S. Hazel had certain tax liens on the property, amounting to $738.39,

and asked that she be allowed to pay said liens and credit the amount on the bonds for the purchase price. Hazel was made party to the action and set up his lien claims. On the trial of the exceptions the court adjudged that Mrs. Williams should pay Hazel's claim and receive credit therefor on the sale bonds. T. A. Pedley, receiver, and E. B. Anderson, assignee, appeal.

The point is made that the tax liens in question constitute a mere defect of title of which Mrs. Williams had notice, and that she, therefore, purchased the property subject to such defect. In this connection it is argued that the tax liens were held by a private individual; that Mrs. Williams' husband formerly owned the property and knew that it had been sold for taxes, and that as he acted as his wife's agent in purchasing the property, notice to him was notice to his wife. It is the well settled rule in this state that a purchaser at a judicial sale has the right either to pay outstanding tax liens and take credit therefor on the sale bonds, or to have such liens discharged out of the purchase money. Wise v. Wolfe, et al., 120 Ky. 263, 85 S. W., 1191; Downing v. Thompson's Exr., 92 S. W. 290; West, et al., v. McDonald, et al., 113 S. W. 872. We are unable to perceive any ground for distinction between a tax lien held by the state or a municipality and a tax lien held by a private individual. Whether property be purchased by the state or municipality, or by a private individual, the lien acquired is for all practical purposes substantially the same. Nor do we think that the matter of notice affects the purchaser's rights. Though he may know of the existence of outstanding tax liens, he also knows of his legal right to have the tax liens discharged out of the purchase money, and such notice is not sufficient to defeat this right.

Judgment affirmed.