## Liberty Insurance Bank v. Vance, et al.

### (Decided March 2, 1926.)

### Appeal from Daviess Circuit Court.

1. Judicial Sales—Purchaser at Judicial Sale Not Entitled to Deduct from Purchase Price Amount of Drainage Assessments to Become Due on Land in Future (Ky. Stats., Sections 2380-34, 2380-42).— Under Ky. Stats., sections 2380-34, 2380-42, purchaser at decretal sale of land, subject to drainage tax assessments, may not deduct from purchase price amount of such assessments to become due in future.

2. Drains—Legislature Held to have Authority by General Act to Make Owner of Land in Possession at Time Drainage Assessments are Certified for Collection Liable Therefor (Ky. Stats., Sections 2380-34, 2380-42).—Legislature had right by general act, as was done by Ky. Stats., sections 2380-34, 2380-42, to make owner of land, in possession at time assessments are certified by board of drainage commissioners for collection, liable therefor.

SANDIDGE & SANDIDGE for appellant.

E. B. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Hallie Vance, was the purchaser at a decretal sale of land belonging to her husband, and against which there were drainage tax assessments which are by statute a lien on the land purchased, and she is now seeking, by motion and exceptions to the report of sale, to be adjudged and entitled to have the drainage assessments credited on her purchase money bonds although the assessments were not due at the time of the sale but were to become due in annual installments, and she relies upon Pedley, Receiver v. Williams, et al., 181 Ky. 336, and other similar cases, holding that the purchaser at a decretal sale has the right to pay outstanding tax liens and receive credit therefor, on sale bonds, or to have such

tax liens discharged out of the purchase money even though the tax liens be held by private individuals and the purchaser has notice of such tax liens at the time of the purchase. The lower court held that Mrs. Vance was entitled to credit the bonds with the full amount of the total assessments, $2,114.76, although divided into annual installments running up to and including the year 1933. From that judgment this appeal is prosecuted by the bank because such holding diminishes the assets arising from the sale of the property of the insolvent Vance by $2,114.76, and thus deprives the bank to that extent of funds with which to satisfy its debts. It is admitted that if the drainage assessments are taxes within the meaning of our rule expressed in Pedley, Receiver v. Williams, *supra*, the lower court correctly held the purchaser entitled to credit upon her purchase money bonds for the amount of the drainage assessment taxes, but appellant bank insists that a different rule obtains with respect to drainage assessments, it being controlled by a specific statute upon the subject. When a drainage district is established for the purpose of reclaiming wet lands, the cost thereof may be assessed against the lands of the district in the ratio of the advantage and betterment accruing to each part thereof, and when so assessed the assessments partake of the nature of a tax and are a lien against the lands. In the present case the district had been established and the cost assessed and apportioned. Against the Vance lands there were assessments amounting to $2,144.76, but no part of this amount was due at the time of the sale. By section 2380-34 it is provided:

"The assessments, and each installment thereof, shall constitute a first and paramount lien, second only to state and county taxes upon the lands assessed in said district, for the construction of the work ordered to be done therein upon which the assessment has not been duly paid. The drainage commissioners, in dividing the unpaid assessments into installments, shall fix the times for the payment thereof in each respective year so that each installment shall be due at least one hundred and twenty days before the bonds in that series which have been issued to anticipate the collection of that installment, shall become due, and it shall be the duty of each landowner whose land is in lien for the payment of

said bonds to pay the installment due thereon against his land, with all interest due at that time on that installment and deferred installments, to the treasurer on or before the time fixed by the drainage commissioners for the maturity of the said installments.''

It is further provided by section 2380-42:

''Any person who shall acquire title, by purchase, devise, inheritance or otherwise, to any land affected by any proceeding under this act, after the preliminary report of the viewers is filed as herein provided for, shall be deemed privy to the person owning or in possession under claim of ownership at the time of filing such preliminary report, and shall be bound to the same extent as such owner at that time would be bound, if he had remained the owner. The land assessed shall in each instance be liable for the assessment against it, and each assessment and each installment of any assessment shall be paid by the owner in possession at the time such assessment or any installment thereof becomes due, but as between vendor and purchaser, and in the absence of any agreement to the contrary, the owner, in possession at the time such assessments are certified by the board of drainage commissioners to the treasurer, sheriff or other collecting officer for collection, shall be liable for the tax.''

Relying upon the provisions of the statute to which we have referred, a part of which is copied above, appellant bank insists that as between the vendor and the purchaser, all lands sold even at a decretal sale, where there is no agreement to the contrary, and the judgment of the court does not otherwise specify, the owner in possession at the time such drainage assessments are certified by the board of drainage commissioners for collection, shall be liable for the assessment, and admits that the rule would be otherwise but for the statute. The law-making body had the right to establish such rule by general act and it seems to have done so. The language employed appears clear. The owner in possession at the time such assessments or any installments thereof become due, as between the vendor and purchaser, shall be liable for the tax, in the absence of any agreement to the contrary. No agreement to the contrary was made.

The land itself is made liable for the assessment against it, and each installment or any assessment shall be paid by the owner in possession at the time such assessment or installment thereof becomes due. Bonds were issued by the drainage district to take care of the indebtedness and to enable the landowners to have time in which to pay their assessments. The assessments were made to fall due one hundred and twenty days before any series of bonds were to be taken up, thus giving the collecting officer full opportunity to collect from the landowner before the maturity of the bonds. The authority of the collecting officer was the certification of the assessment, by the board of drainage commissioners. If an owner sells his lands in the district before the assessment was certified the purchaser is liable for the taxes; but if the sale is made after the certification, and in the absence of an agreement to the contrary, the vendor is liable for the taxes. Naturally the general assembly in making the drainage laws anticipated that owners of land would, through a long number of years, such as required for the paying out and development of a drainage district, sell and convey some or all of their lands, and it was in anticipation of such sales and conveyances that this provision of the statute was enacted. This section seems to take assessments for drainage purposes out of the general rule and to require the purchaser in all such cases, whether at private or public sales, to assume and pay all taxes which were not due at the time of the purchase, and to require the vendor to pay the taxes in cases where the taxes were due at the time of the sale of the land. In the instant case the taxes which Mrs. Vance, the purchaser at the decretal sale, seeks to have credited upon her purchase money bonds and which the circuit court granted, were not due even in part but were to become due from year to year until 1933. This was clearly against the provisions of the statute to which we have referred, and the court should have overruled her motion and declined to credit the sales bonds with the amount of this drainage assessment. For the reasons indicated the judgment is reversed for proceedings consistent herewith.

Judgment reversed.