### Tipton v. Parrott, et al.

(Decided April 27, 1926.)

### Appeal from Whitley Circuit Court.

1. Judicial Sales—Tax Lien on Property Purchased at Judicial Sale May be Paid by Purchaser and Credited on Bond, or Paid Out of Purchase Money, Whether Commissioner Acted Thereon or Not.— Purchaser at judicial sale has right either to pay outstanding street assessment tax lien and take credit for it on his sale bond, or have it paid out of purchase money, whether commissioner knew of existence of lien and allowed deduction or not.

2. Judicial Sales—Right of Purchaser at Judicial Sale to Pay Tax Liens and Credit Same on Bond, or to have Liens Discharged Out of Purchase Money, is a Rule of Property.—Right of purchaser at judicial sale to pay outstanding tax lien and take credit therefor on sale bond, or to have lien discharged out of purchase money, does not spring up on purchaser's filing exceptions to sale, but exists as a rule of property, adopted as an equitable adjustment between purchaser and owners on account of such lien.

STEPHENS & STEELY for appellant.

M. A. GRAY and J. D. TUGGLE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

This action was instituted for the sale of a house and lot in the city of Corbin, Kentucky, and a division of its proceeds upon the ground of its indivisibility. Judgment was duly entered directing its sale, and when sold William P. Tipton became the purchaser at the price of $10,000.00. He executed bond, the sale was duly reported, no exceptions were filed and it was confirmed. Thereafter and before an order was entered distributing the proceeds appellant filed his petition by which he alleged that before the date of the sale, under an ordinance of the city of Corbin and pursuant to a contract let thereunder, after due advertisement, the street on which the property he purchased was located had been reconstructed at the expense of the abutting property; and that the work was done and accepted and the abutting property had been assessed with the cost thereof, the lot purchased by him having been assessed with the sum of $852.38, which on the date of the sale was a valid, subsisting lien against it. He alleged also that while the

commissioner was selling the lot he inquired to know whether the lien for street assessments would be paid out of the purchase price or whether the purchaser would be required to pay it; and that the master commissioner in the presence of the then owner of an undivided half interest in the lot and of a representative of the owners of the other interest therein then publicly announced that the street assessment lien would be paid out of the proceeds of the sale. He further stated that after that announcement, under those terms and with that understanding, he bid for and purchased the lot at $10,000.00. Under those facts he sought to have the sale bond executed by him credited with the amount of the street assessment lien, or to have it adjudged to be paid out of the proceeds of the sale bond executed by him. Appellees, who were the owners of the lot sold, filed a demurrer to that petition, which the trial court sustained. This appeal is prosecuted from that judgment.

Appellees rely upon Beale v. Stroud, 190 Ky. 755. 231 S. W. 522; Rochester, et al. v. Owens, 197 Ky. 170, 246 S. W. 32; B. & B. Lumber Company v. Hurst, et al., 110 S. W. 242, 33 Rep. 270; and Thompson, etc. v. Brownley, etc., 139 Ky. 686, 76 S. W. 172, 25 Rep. 622, as establishing in this jurisdiction that the doctrine of *caveat emptor* applies with full vigor in all judicial sales; that there is no warranty of title of land so sold; and that unless the purchaser upon exceptions to the report of sale makes it appear to the court that it would be unjust and inequitable to require him to pay the purchase price and accept conveyance, the sale will be confirmed; and the purchaser thereafter may not complain. Conceding the truth of the allegations of appellant's petition as to what was said by the commissioner when the land was sold by the demurrer, appellees insist that the action of the chancellor must be upheld under the doctrine and cases above because the judgment entered herein did not direct that the street assessment lien would be paid out of the proceeds of the land sold, and because the street lien was a mere encumbrance on the title of which appellant had both actual and constructive notice, and, having failed to raise the question by exceptions to the report of sale, he can not now be heard to complain.

Along with the doctrine above relied upon by appellees, there has grown up and seems to be equally as well established another rule in the nature of an exception

to it written in these words in Pedley, Receiver, et al. v. Williams, et al., 181 Ky. 336:

> "It is the well settled rule in this state that a purchaser at a judicial sale has the right either to pay outstanding tax liens and take credit therefor on the sale bonds, or to have such liens discharged out of the purchase money. Wise v. Wolfe, et al., 120 Ky. 263, 85 S. W. 1191; Downing v. Thompson's Exr., 92 S. W. 290; West, et al. v. McDonald, et al., 113 S. W. 872. We are unable to perceive any ground for distinction between a tax lien held by the state or a municipality and a tax lien held· by a private individual. Whether property be purchased by the state or municipality, or by a private individual, the lien acquired is for all practical purposes substantially the same. Nor do we think that the matter of notice affects the purchaser's rights. Though he may know of the existence of outstanding tax liens, he also knows of his legal rights to have the tax liens discharged out of the purchase money, and such notice is not sufficient to defeat this right."

West v. McDonald, cited, *supra,* as sustaining the rule there announced, applied the same rule to a street tax assessment lien.

Under the facts admitted to be true by the demurrer, it appears that the street assessment tax lien to the amount of $852.38 had attached against the property sold and was a subsisting, valid lien against it when sold. As such, under authority of Pedley v. Williams, *supra,* and the cases therein cited, the purchaser at the sale, whether or not the commissioner had said anything, and whether or not he knew of its existence, had the right either to pay that outstanding lien and take credit for it on his sale bond, or to have it paid out of the purchase money. It is a right that springs up, not upon the purchaser filing exceptions to the sale. It exists as a rule of property and was adopted by this court as an equitable adjustment between the purchaser at a judicial sale and the owners of the property sold on account of such liens. The purchaser saves himself by taking action before the court loses control of the proceeds of the sale. The facts pleaded herein bring this case clearly within that doctrine. The trial court improperly sustained a demurrer to appellant's petition.

Wherefore, the judgment appealed from is reversed and the cause is remanded for other proceedings consistent herewith.