### Hurst v. Steele, et al.

(Decided, January 21, 1927.)

### Appeal from Wolfe Circuit Court.

Judicial Sales—Purchaser of Land Sold to Satisfy Lienholder's Claims, Not Excepting to Confirmation of Sale at Same Term, Held Not Entitled to Refund.—Where land was sold to satisfy creditors holding liens, and proceeds were insufficient to pay all debts, purchaser held not entitled to refund for taxes against land, which were due and unpaid by debtor, where purchaser did not except to confirmation of sale at same term at which it was made.

E. C. HYDEN for appellant.

G. B. STAMPER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In consolidated actions in the Wolfe circuit court, filed to assert and enforce liens against a tract of land owned by Ben Hurst, a judgment was rendered ordering the master commissioner to sell the land to satisfy certain contractual liens owned by various parties, one of whom was appellant, C. H. Hurst, and whose lien was inferior to another or others. The land did not sell for enough at the master commissioner's sale to satisfy all of the adjudged liens and when paid according to adjudged priority the appellant, Hurst, would not receive his debt in full. The appellee, J. T. Steele, was the purchaser at the commissioner's sale, and he executed bond for the purchase money. The sale was reported and confirmed, and the bond was afterwards paid by Steele and a part of the proceeds distributed according to the judgment; but a portion of which was temporarily left in the hands of the commissioner undistributed. At a term of the court subsequent to the confirmation of the sale and after the bonds had been so paid, Steele moved the court to order a refund to him out of the proceeds still in the hands of the master commissioner, the amount of unpaid state and county taxes against the land and due by the owner, Ben Hurst. The appellant, C. H. Hurst, who would be the loser if the order was sustained, objected thereto, but his objection was overruled and the court sustained the motion to refund to the purchaser the amount of the unpaid taxes, and from that judgment appellant prosecutes this appeal.

We have not been favored with a brief for appellees, and the record does not inform us of the ground of the decision complained of. Perhaps the court was influenced by the doctrine announced in the case of Pedley, Receiver v. Williams, et al., 181 Ky. 336, and cases therein referred to, and which were cited by us in the recent case of Tipton v. Parrott, 214 Ky. 186. In the Pedley case and others referred to therein (Wise v. Wolfe, 120 Ky. 263, 85 S. W. 1191; Downing v. Thompson's Exr., 28 K. L. R. 1182, 92 S. W. 290, and West v. McDonald, 113 S. W. 872, not elsewhere reported) wherein it was announced that the purchaser would be entitled to credit for the amount of the statutory liens for past due and unpaid taxes on the land purchased, the question was raised and presented *by exceptions* to the sale, either before its con-

firmation, at which time the title vested in the purchaser, or *during term* of court at which the order of confirmation was made although subsequent thereto.

Moreover, in those cases, including the Tipton case, the distributees of the proceeds of the sale, or a remnant thereof, and out of which the taxes were ordered paid, were the *owners* of the land and whose primary duty it was to pay the taxes, and to have refused to order the purchaser to be credited in some way by the unpaid taxes would have the effect to relieve the owner of the land from their payment and to impose that burden on the purchaser. Where no such facts exist and where the proceeds of the sale are consumed by *creditors* of the owner of the land, especially when the debts are secured by liens thereon and there are no surplus proceeds after the discharge of the debts, the rule has been uniformly followed that the purchaser may not take credit in any manner, unless he excepts to the confirmation of the sale or makes application therefor at the same term of the court at which the confirmation was made. If that term adjourns without any such application, the title of the purchaser becomes absolute and he takes it with the burden thereon

The precise question was before this court in the case of Farmers' Bank of Kentucky v. Peter, 13 Bush 591, and it was therein held that the purchaser was not entitled to credit as against a mortgagor of the land when he proceeded to obtain it after the sale was confirmed *and* after the adjournment of that term of court without making application therefor. The general rule as to the right of a purchaser to except to the sale and the time within which he may do so as above outlined, was again upheld by us in the recent cases of Sullivan v. Wright, 201 Ky. 22, and McGuire v. Garrett, 207 Ky. 714, in each of which many other cases are referred to, and the statement of the rule of practice as made and enunciated in those opinions need not be repeated here. In the Tipton case it does not appear in the opinion whether the application was made at the term of court *at which the confirmation was made,* but whether so or not it will be observed that the proceeds of the sale in that case were going to the owners of the land that was sold for a division and not to creditors, whether secured by lien or general creditors.

Here, the refund (or credit on the sale bond if it had not been paid) was borne entirely by appellant, an inferior lienholder, since none of the proceeds of the sale was adjudged to Ben Hurst, the owner of the land, and under the doctrine of the Peters case and others following it, and from which there is no dissent, the court erred in ordering the amount of the taxes refunded to the purchaser and should have sustained appellant's objections thereto.

Wherefore, the judgment is reversed, with directions to set aside the order and for proceedings consistent with this opinion.