## Columbia Life Ins. Co. v. Smith et al.

(Decided Dec. 17, 1937.)

W. T. DAVIS for appellant.

CLEON K. CALVERT, CHAS. A. JOHNSON and WALTER B. SMITH for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The question presented by this appeal arises out of a sale of real estate ordered by a trial court, not having a continuous session, in an action to foreclose a mortgage.

It appears that A. B. Coulton and wife at one time owned certain real property in Pineville, Ky. They hypothecated this property to the appellant insurance company to secure a loan made them. This loan not being repaid, foreclosure proceedings were instituted by the mortgagee, wherein the real estate was ordered sold.

The appellee, Edward Smith, bid in the property at the foreclosure sale at the sum of $3,800, some $1,100 less than the mortgage debt, and executed a sale bond therefor due in six months. This sale was made pursuant to the direction of the court that the commissioner "sell the property and take from the purchaser bond,

with good security * * * payable to the plaintiff to the extent of its debt * * * and like bond to himself for any part of the purchase price in excess of said debt, interest and costs.''

A report thereof was filed April 14, 1936, and the same was laid over for exceptions. None being filed, an order of confirmation thereof was entered on April 17, 1936, during the regular April term.

It is agreed: (1) That the appellee purchaser filed no exceptions to the report of sale during said April term; (2) that he filed no motion to set aside the order confirming the sale during the said term; and (3) that the purchaser filed no motion of any kind seeking to be relieved from the payment of delinquent taxes owing against the property purchased by him during this April term.

Thereafter, on November 21, some seven months after the expiration of the April term, 1936, the purchaser first presented to the trial court a motion (which is not in the record before us) and an amended or supplemental motion, asking to be allowed credit on the sale bond for all past-due and delinquent taxes it had developed were owing to the state, county, and municipality of Pineville at the time the property was purchased by him at its judicial sale.

To this motion, as amended, the appellant mortgagee (plaintiff below) filed demurrer and response.

This appeal is from an order and judgment of the lower court sustaining the purchaser's motion to be allowed a credit upon the sale bond executed by him as purchaser in the amount of these delinquent taxes owing upon the property, which he moved that he be permitted to pay and credit the amount of his payment upon the amount now remaining unpaid upon his sale bond.

As stated in brief for appellees:

"None of these facts are in dispute It is the applicable law that furnishes the supposed mystery."

Further in appellees' brief is presented to us for our consideration the following legal issue stated in terms of a concrete case, which counsel for appellees states is alone here presented:

" 'A' owns certain lands which he mortgages to 'B' to secure certain indebtedness. 'B' forecloses his mortgage, a sale is ordered straight, no mention of

any unpaid tax lien being made, and 'C' becomes the purchaser, executing a sale bond for the purchase money. After the sale and after confirmation, but before the full payment of the purchase price, it develops that there is a large sum of unpaid taxes against the property sold and bought. The purchaser moves for an abatement of the sale bond pro tanto. Is he entitled to it?"

Counsel for appellees, after discussing many previous cases in which this question has been considered by us and in which he contends we have made conflicting decisions of it, concludes with the remark that "it can hardly be thought that both Hurst v. Steele, 217 Ky. 712, 290 S. W. 486 and Tipton v. Parrott, 214 Ky. 186, 282 S. W. 1099 both now represent the law of Kentucky applicable to facts like those here presented"; that if they are, the law is hopelessly contradictory and confused and the bar does not know where it is in cases like this.

The whole court has very maturely and carefully considered the arguments of both the learned and able counsel representing the parties to the appeal and it is our conclusion that the several cases cited and relied on in turn by appellant and appellees (both against and in support of the ruling and judgment of the lower court) are not in conflict and may not be properly interpreted as announcing different rules, when the controlling principle declared therein is considered in connection with and as being applicable to the different facts found in the different cases, wherein it has been declared and applied.

Counsel for appellant, in his brief, insists that these cases do not announce different rules and are not in conflict, but in harmony, when considered in connection. with the facts involved in the particular cases, and that all the cases cited by appellees, as announcing different rules upon the question here involved in the motion of the purchaser may be harmonized by dividing them, with respect to the facts found therein, into three classifications, to wit:

"(1) As between the owner of the property and the purchaser, if the owner is delinquent in the payment of taxes the purchaser may in equity or otherwise at any time before the court loses control of the purchase money, obtain credit for delinquent.

taxes due and payable by the owner of the property.

"(2) In judicial sales of property for the enforcement of mortgage or other liens the purchaser may obtain credit for delinquent taxes by filing exceptions to the report of sale before confirmation or he may at the same term of court, but not later, file his motion to set aside the order of confirmation and in this way obtain credit on the sale bond for past due delinquent taxes.

"(3) In judicial sales to enforce mortgage or other liens if the purchaser fails to file exceptions to the report of sale before confirmation and fails to move the court to set aside the order of confirmation at the same term at which the order is entered confirming the report of sale, then the doctrine of caveat emptor applies and the purchaser takes the property subject to taxes or other liens."

After a careful consideration of the facts and rulings made in these several cases cited and argued pro and con by the parties, we are of the opinion that the classification of them, as proposed by counsel for appellant, supra, is a proper, logical, and acceptable, one.

The facts in the Tipton Case, supra, we find bring it within the rule announced in the first classification; that is, where the question of the purchaser's right to pay the delinquent taxes and take credit therefor arose between him and the owner of the property. The delinquent taxes there, constituting a lien upon the purchased property, represented the debt of the owner which he could not rightfully ask the purchaser to pay in addition to the purchase price paid for the property, but, when paid by him, should be credited as a payment upon the sale bond, regardless of the time at which such right was sought to be asserted by the purchaser, so long as the sale proceeds of the bond remained in the control of the court. Such a factual situation was also found in the case of Pedley v. Williams, 181 Ky. 336, 205 S. W. 323, which was quoted and followed in the Tipton Case.

In Tipton v. Parrott, 214 Ky. 186, 282 S. W. 1099, 1100, we said:

"Under the facts admitted to be true by the demurrer, it appears that the street assessment tax lien to the amount of $852.38 had attached against

the property sold and was a subsisting, valid lien against it when sold. As such, under authority of Pedley v. Williams, supra, and the cases therein cited, the purchaser at the sale, whether or not the commissioner had said anything, and whether or not he knew of its existence, had the right either to pay that outstanding lien and take credit for it on his sale bond, or to have it paid out of the purchase money. It is a right that springs up not upon the purchaser filing exceptions to the sale. It exists as a rule of property, and was adopted by this court as an equitable adjustment between the purchaser at a judicial sale and the owners of the property sold on account of such liens.''

In the Hurst Case, supra, Steele, the purchaser, at a term of court subsequent to the confirmation of the sale, moved the court to refund to him out of the proceeds of the sale, still in the hands of the master commissioner, as here, the amount of unpaid delinquent taxes, and it was held that where land was sold to satisfy creditors, holding liens, and the proceeds were insufficient to pay all debts, purchaser was not entitled to refund for taxes against land, which were due and unpaid by debtor, where purchaser did not except to confirmation of sale at same term at which it was made.

In the instant case, the purchaser, Smith, has also remained silent during the terms of the Bell circuit court subsequent to the April term thereof, at which the sale was confirmed, and not until the November term, after the sale bond had been executed by him and become due, did he enter his motion for leave of court to pay all past-due delinquent taxes, amounting to some $877, together with interest and penalties thereon, and take credit on his sale bond for the amount so paid.

In the Hurst Case, where the facts are substantially the same as those presented in the instant case, the court, in disposing of Steele's motion, made at a term of court subsequent to that in which the sale was confirmed, as has Smith in the instant case, said:

"Perhaps the court was influenced by the doctrine announced in the case of Pedley, Receiver, v. Williams et al., 181 Ky. 336, 205 S. W. 323, and cases therein referred to, and which were cited by us in the recent case of Tipton v. Parrott, 214 Ky. 186, 282 S. W. 1099. In the Pedley Case and others

referred to therein (Wise v. Wolfe, 120 Ky. 263, 85 S. W. 1191 [27 Ky. Law Rep. 610]; Downing v. Thompson's Ex'r, 92 S. W. 290, 28 Ky. Law Rep. 1182, and West v. McDonald, Ky., 113 S. W. 872, not elsewhere reported) wherein it was announced that the purchaser would be entitled to credit for the amount of the statutory liens for past-due and unpaid taxes on the land purchased, the question was raised and presented by exceptions to the sale either before its confirmation, at which time the title vested in the purchaser, or during term of court at which the order of confirmation was made, although subsequent thereto.

"Moreover, in those cases, including the Tipton Case, the distributees of the proceeds of the sale, or a remnant thereof and out of which the taxes were ordered paid, were the owners of the land, and whose primary duty it was to pay the taxes, and to have refused to order the purchaser to be credited in some way by the unpaid taxes would have the effect to relieve the owner of the land from their payment and to impose that burden on the purchaser. Where no such facts exist, and where the proceeds of the sale are consumed by creditors of the owner of the land, especially when the debts are secured by liens thereon, and there are no surplus proceeds after the discharge of the debts, the rule has been uniformly followed that the purchaser may not take credit in any manner, unless he excepts to the confirmation of the sale, or makes application therefor at the same term of the court at which the confirmation was made. If that term adjourns without any such application, the title of the purchaser becomes absolute, and he takes it with the burden thereon.

"The precise question was before this court in the case of Farmers' Bank of Kentucky v. Peter, 13 Bush, 591, and it was therein held that the purchaser was not entitled to credit as against a mortgagor of the land when he proceeded to obtain it after the sale was confirmed, and after the adjournment of that term of court without making application therefor. The general rule as to the right of a purchaser to except to the sale and the time within which he may do so as above outlined, was again upheld by us in the recent cases of Sullivan v.

Wright, 201 Ky. 22, 255 S. W. 848, and McGuire v. Garrett, 207 Ky. 714, 270 S. W. 4, in each of which many other cases are referred to, and the statement of the rule of practice as made and enunciated in those opinions need not be repeated here. In the Tipton Case it does not appear in the opinion whether the application was made at the term of court at which the confirmation was made, but whether so or not it will be observed that the proceeds of the sale in that case were going to the owners of the land that was sold for a division, and not to creditors whether secured by lien or general creditors."

Further, we find that the rule of caveat emptor has long been established as the rule of this state, as well as supported by an overwhelming weight of authority in its full force to foreclosure sales or a decree of court where no fraud is present, as argued by appellant. 35 C. J. 75; 19 R. C. L. 622, 623; 68 A. L. R. 659.

To such effect is the application of the rule of this jurisdiction clearly further stated in the case of Sullivan v. Wright, 201 Ky. 22, 255 S. W. 848, 849, as follows:

"While there is no doubt of the application of caveat emptor to judicial sales generally, and while the courts in stating its application to such sales have said that it applies after confirmation, and that no relief can then be granted, the real rule is that if the facts authorizing a setting aside of the sale are called to the attention of the chancellor by exceptions or otherwise during the term at which the sale is reported, and at a time when it is within his power to correct any injustice, he not only has the right and power, but it is his duty, to consider such exceptions and pass upon them, and if necessary to set aside an order of confirmation already made."

Also, to like effect, see the case of Farmers' Bank of Kentucky v. Peter, 76 Ky., 13 Bush, 591, quoted and cited in the Hurst Case, supra, wherein the language of the opinion, so applying the caveat emptor rule, is as follows:

"There is no warranty of title by the chancellor or the creditor, and in a case like this, where there is a judgment to enforce the mortgage, and a sale

under it, the purchaser buys at his peril, and can not complain of a want of title, unless he applies to the chancellor before the sale is completed by an order of confirmation, or during the term in which the chancellor has the power to disregard or modify such an order.''

See, also, 16 R. C. L. p. 83.

The uncontradicted facts of the instant case we find clearly bring it within the doctrine established by this court in the Hurst, Sullivan, and Farmers' Bank of Kentucky Cases, supra, and which we do not find has ever since been modified or overruled. The holding of these cases, as set out and discussed in the Hurst Case, supra, is clearly distinguishable and not in conflict with that made in the Tipton Case, supra, upon the different facts there presented, bringing it within classification No. 1, supra.

Therefore, it is our conclusion that the lower court's granting of the relief here moved for by the appellant, upon facts practically identical with those presented in the Hurst Case, wherein the relief was denied for the reasons therein stated, was erroneous, and for such reason its judgment is reversed. Whole court sitting.