Edmond A. KARAM, Appellant,

v.

GREENTREE CORPORATION,
Appellee (Two Cases).

GREENTREE CORPORATION, Debtor–
In–Possession in Chapter 11,
Cross–Appellant,

v.

Edmond A. KARAM, Cross–Appellee.

Nos. 87–CA–1324–MR, 88–CA–0742–MR
and 88–CA–0772–MR.

Court of Appeals of Kentucky.

Jan. 26, 1990.

Frank H. Schultz, Lexington, for appellant/cross-appellee.

Kevin G. Henry and Ronald Dean Bowling, Lexington, for appellee/cross-appellant.

Before CLAYTON, DYCHE and HOWARD, JJ.

HOWARD, Judge.

Edmond A. Karam and Greentree Corporation have both appealed decisions and findings of the Fayette Circuit Court. The appeals and cross-appeal have been consolidated and will all be addressed in this opinion.

Both parties were in agreement as to the essential facts of this case. Greentree Corporation owned the Hagerman Apartments, a historic two-story structure located at 431 West Second Street in Lexington, Kentucky. On January 24, 1984, Fayette Circuit Judge Charles Tackett entered an Agreed Judgment and Order of Sale setting forth the terms of a public sale of the property listed above. The property was to be sold by the master commissioner of the Fayette Circuit Court. The property was appraised for $290,000.00.

Prior to the sale date, Greentree Corporation filed a petition for relief under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Kentucky. Following this, the automatic stay regarding this property was lifted, and the mortgagees and lienholders were allowed to pursue their relief in state court. A new order of sale was entered and the property was reappraised for $296,000.00.

The master commissioner conducted the sale on October 22, 1984. The opening and only bid was by Edmond A. Karam for $195,000.00. The bid was only 65.878% of the second appraisal. This established the right of redemption for Greentree Corporation. This sale was confirmed on February 11, 1985, and a deed conveying the property to Karam was recorded, but it contained a provision that the property might be subject to a right of redemption.

The mortgage liens of the parties to this action and the delinquent property tax bills were paid out of the sale proceeds, but the 1983 ad valorem property taxes and a mechanic's lien for $53,062.23 of a company not a party to this lawsuit were not included in these amounts paid out of the sale proceeds. Karam did not file any exceptions to the sale report concerning these items. Karam paid $2,677.11 to extinguish the 1983 tax lien and $300.00 to settle the mechanic's lien.

Greentree found two businessmen willing to purchase the corporation's right to redeem the property. The premium amount offered would have been sufficient to pay all of Greentree's creditors. Karam contended that Greentree did not have a right of redemption, because by adding the additional amounts Karam paid to extinguish the other claims to the amount bid, this amounted to more than two-thirds of the property's appraised value. As a result, he argues that this extinguished any redemption right. If a redemption right did exist, the parties also disagreed as to the redemption price.

On May 14, 1985, Greentree filed a motion for an order establishing the proper amount for redeeming the property pursuant to KRS 426.530. A hearing was held by the deputy master commissioner on June 25, 1985. On January 8, 1987, the deputy master commissioner filed his report. He recommended that Greentree be allowed to redeem the property for the original purchase price plus 10% per annum interest from the date of the sale's confirmation, but it had to reimburse Karam for the $300.00 and $2,677.11 paid to extinguish the claims against the property.

On May 15, 1987, the Fayette Circuit Court adopted the master commissioner's

report and ruled over Karam's objection that the redemption period had not expired. Karam has since filed his appeal and Greentree filed a CR 60.02 motion asking the court that the redemption period be stayed during the appeal of this action. Greentree, for the first time, also requested that it be allowed to offset from the redemption price the net rents and profits that Karam received from owning the property. Karam argued that since no supersedeas bond had been filed, the redemption period was still running. The Fayette Circuit Court ruled that the redemption period would be stayed during the appeal, and that four months would remain for Greentree to redeem the property. The court also ruled that Greentree was not entitled to offset Karam's net rents or profits against the redemption price.

Karam appealed the court's ruling on the 60.02 motion, and Greentree Corporation filed a cross-appeal stating that it should have been allowed to offset the rents and profits.

█ We first address Karam's contention that no right of redemption exists under the present facts. Karam claims that he should be allowed to add the amounts paid to extinguish the other claims against the property to the amount he bid and thus defeat any redemption right that Greentree Corporation might have. The applicable law and facts of this case do not support Karam's assertion.

KRS 426.530 addresses the right of redemption. It states:

> If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two thirds of its appraised value, the defendant and his representatives may redeem it within a year from the day of the sale, by paying the original purchase money and ten percent (10%) per annum interest thereon.

The trial court correctly held that the statute clearly controls and provides that a purchaser like Karam must purchase the property for two-thirds of its appraised value. Nowhere does the statute provide for tacking on amounts paid later to extinguish

other claims against the property. In this case the amount bid by Karam was only 65.878% of the most recent appraisal of the property's value. Karam did not meet the two-thirds requirement. The doctrine of caveat emptor applies to his purchase.

The case law cited by Karam does not state that a purchaser can add amounts paid to extinguish other claims against the property to the amount bid to meet the two-thirds redemption requirement. *Hardwick v. Fitzpatrick*, 279 Ky. 53, 129 S.W.2d 1006 (1939) does not address the situation currently before this Court. It primarily concerned the sale of a debtor's equity in property by a junior lienholder when a senior lienholder's claim was not yet due. It does not support Karam's theory. *Columbia Life Insurance Co. v. Smith*, 271 Ky. 133, 111 S.W.2d 618 (1937) addresses the issue of allowing a purchaser credit toward his purchase price for amounts paid to extinguish other claims. It does not concern the redemption issue.

█ Mr. Karam in this case failed to file any exceptions to the sale before accepting the commissioner's deed. In cases involving questions such as these, the purchaser, in order to be given credit for amounts paid, must file exceptions to the sale's confirmation either before its confirmation or during the term of the court at which the order of confirmation was made, and while control of the sale proceeds of the sale bond remained in the hands of the court. *City of Irvine v. Kirby*, 276 Ky. 634, 124 S.W.2d 1029 (1939); *Columbia Life Insurance Co., supra,* 111 S.W.2d at 621. By failing to do so in this case, Karam has waived his right to now argue that these extra amounts paid should be added to the bid price. His argument is misplaced here.

Karam secondly argues that the one-year statutory period for exercising the right of redemption has already expired in this case. There is no indication of this here.

█ Once again, KRS 426.530(1) controls. It specifically states that the time for exercising the right of redemption is one year from the day of sale. Greentree

Corporation has complied with the statute. The applicable facts show that the sale occurred on October 22, 1984, and Greentree filed a motion for setting the redemption price on May 14, 1985. This clearly falls within the one-year statutory period. Further, the trial court correctly considered the equitable principles of not allowing Greentree to redeem considering all the facts as discussed in 47 Am.Jur.2d *Judicial Sales* § 344, p. 570. Greentree complied with the period in this case. The fact that the deputy commissioner's report was not issued until January 8, 1987, does not thwart Greentree's redemption right.

■ Karam's argument that the statutory redemption period has expired during the pendency of this appeal is also misplaced. Greentree complied with the statute and CR 60.02 by filing a motion asking the court to rule that the redemption period be stayed during the pendency of this appeal. There is no authority to support Karam's contention that Greentree was required to file a supersedeas bond pursuant to CR 73.04. This is not a situation in which a supersedeas bond is required since there has been no monetary relief from which Greentree has appealed. The statutory redemption period has not yet run in the case at bar.

■ Greentree Corporation raises three primary issues on its cross-appeal. Among these three issues, Greentree argues that the interest due Karam upon redemption should be limited to twelve months and the amount required to redeem should be reduced by an amount equal to insurance proceeds received by Karam. Greentree failed to list these two issues in its prehearing statement. As a result, this Court cannot now consider these issues. CR 76.14(6) states: "A party shall be limited on appeal to issues raised in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be submitted upon timely motion." In *Howard v. Magoffin County*, Ky.App., 734 S.W.2d 499 (1987), this Court ruled that it is barred from considering arguments not raised in the prehearing statement. As a result, this Court cannot now consider these two issues raised by Greentree Corporation.

■ Finally, Greentree Corporation argues that the amount required to redeem should be reduced by an amount equal to the profit and rents Karam realized during the period he possessed the property. There is some question as to whether this issue has been properly preserved for review since Greentree waited to raise this issue until after the trial court entered its final and appealable order on June 10, 1987. Even assuming that this issue was properly raised, the applicable law does not support Greentree's position. The prior version of KRS 426.530 gave all rents to the seller during the one-year redemption period, because the seller had the right to remain in possession of the property. The current version of KRS 426.530 was adopted in 1982. It changed the prior statute by giving the buyer immediate possession of the property. The statute and surrounding commentary indicate that as a result, the buyer is entitled to the rents and profits derived during the period he or she is in possession. This seems like a natural consequence based on the amending of the statute.

Greentree Corporation's reliance on *Overstreet v. Grinstead's Adm'r*, 283 Ky. 73, 140 S.W.2d 836 (1940), is misplaced. It is based on the former KRS 426.530 which has now been amended. As a result, *Overstreet* is no longer controlling. *Overstreet* actually favors Karam anyway since there had already been a confirmation of sale in the case at bar. Greentree is not entitled to offset any of the rents or profits received by Karam. Greentree Corporation cannot recover any of the amounts it seeks to offset the redemption price.

The decision of the Fayette Circuit Court is affirmed.

All concur.