## Louisville Title Company et al. v. White Construction Company et al.

(Decided May 16, 1933.)

W. J. COX and ANDREW M. SEA, Jr., for appellant.

GORDON, GORDON & MOORE for appellee White Const. Co.

ABNER JOHNSTON, Jr., for appellee R. S. Wilson.

E. M. NICHOLS for appellee Grace Morgan, etc., delinquent tax collector, and Board of Education of Madisonville.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In October, 1925, R. S. Burchfield executed a mortgage on certain real estate to the Louisville Title Company for the purpose of securing it for a loan of a sum of money. Thereafter Burchfield died and left surviving him his widow, Geneo Burchfield, and a son, R. E. Burchfield.

In September, 1928, the Louisville Title Company instituted this suit in the Hopkins circuit court against the above-named Geneo Burchfield and R. E. Burchfield for the purpose of foreclosing and enforcing its mortgage lien. No defense was offered, and on September 28, 1928, judgment was rendered in favor of the plaintiff, the Louisville Title Company, and its receiver, Fidelity & Columbia Trust Company. The property was ordered sold in satisfaction of the judgment, and a sale was had on November 5, 1928, and R. S. Wilson became the purchaser thereof at the price or $2,330. The sale was confirmed at the following February, 1929, term of court.

On January 18, 1929 (subsequent to the judgment and sale but prior to the confirmation of the sale), the White Construction Company filed its intervening petition to be made a party by which it set up and asserted its claim for a prior lien against the property and the proceeds of the sale thereof, in the sum of $390.46, for street improvement assessments. In the meantime, delinquent tax lien tickets were filed as follows: City of Madisonville, 1928 taxes, $12.22; board of education of Madisonville, the same year, $53.99.

The White Construction Company and the other tax lienholders asked that their respective claims be paid out of the proceeds of the sale of the property, to which the Louisville Title Company objected on the

ground that the alleged tax lienholders were not parties to the action, and the judgment was for its sole benefit, and the property was sold' in satisfaction of its debt only.

By agreement of parties, the commissioner was directed to pay to the Louisville Title Company, trustee, the sum of $1,927.57, and the balance was to be retained in the hands of the commissioner until further orders of the court. Thereafter the court entered an order directing the commissioner to pay the other lienholders their respective claims, which was done. The title company then announced its intentions to execute a supersedeas bond to suspend the order of distribution until this court could determine the rights of the parties, and, upon being informed that a supersedeas bond was unnecessary because the other lienholders had already received the funds ordered to be paid under the said order of distribution, thereupon plaintiff's counsel moved the court to require all such parties to return the sums of money so received until the appeal could be determined by this court, which motion was overruled. To which ruling of the court plaintiff excepted and has prosecuted this appeal.

It is insisted for appellant that the White Construction Company and the other tax lienholders have no right to or interest in the proceeds of the sale of the mortgaged real estate in this action, and assigns the following reasons: (1) The suit was brought by the appellants to enforce a mortgage lien and the judgment ordered a sale for that purpose only and that the property was not ordered sold free from other liens, and that the judgment became final at the conclusion of the September, 1928, term of the court, and before the intervening petitions were filed, and therefore the intervening petitions cannot be treated as an application for a vacation or modification of the judgment.

This presents the question as to whether or not the White Construction Company and the other tax lienholders properly presented their respective claims as lienholders on the same property or the proceeds of the sale thereof, sought to be subjected to the lien of the plaintiff. Under section 29, Civil Code of Practice, it was the duty of the title company, plaintiff below, to have made the other lienholders parties defendants to its action, which it failed to do. Before the sale was

confirmed, and before any order of distribution was made, the White Construction Company filed its intervening petition asserting its claim which we think was in compliance with sections 29 and 692, Civil Code of Practice. The point is made that the White Construction Company's petition was not verified, and it was a nonresident corporation and failed to execute bond for cost as provided by section 29, Civil Code of Practice. The record does not show that any motion was entered by plaintiff to have the intervening petitioners to verify their petitions, or execute bond for cost, all of which will be treated as having been waived. These questions cannot be raised for the first time in this court. The further point is made that there was no summons issued on the intervening petitions. In the circumstances, no such summons was necessary unless a personal judgment be prayed for. Section 692, Civil Code of Practice. There was no personal judgment asked for by the intervening petitioners. It is purely a proceeding in rem. Inasmuch as the title company, plaintiff below, failed to make other lienholders parties to its action, the intervening petitions of the other lienholders, under section 692 of the Civil Code of Practice, will be treated as their respective answers to the petition of the plaintiff. Civil Code of Practice, sec. 692. They did for themselves that which the plaintiff (appellant) should have done. They made themselves parties defendants to the action, and properly asserted their claims to their respective shares in the proceeds realized from the sale of the property against which they held valid liens.

The further point is made that the street assessment claim of the White Construction Company was not due at the time the petition of the Louisville Title Company was filed, and for this reason it (White Construction Company) prematurely asserted its claim. The White Construction Company alleges in its intervening petition that the street improvement was made under the 10-year bond plan and was accepted by R. E. Burchfield on behalf of his codefendants: The annual installments were $27.95, beginning on the 1st day of July, 1928, and a like sum plus interest on the entire street assessment, on the 1st day of July in each subsequent year thereafter until said assessment was paid in full; that the said assessment and interest due on the 1st day of July, 1928, was not paid, and by reason of

said default the whole of the original assessment became due. This pleading was not denied or otherwise pleaded to, and therefore will be taken as true.

Appellant in its brief cites and relies on a number of cases which we do not think are analogous to the instant case. The cases relied on by appellant deal with questions or controversies as between the purchaser and the landholder. In the instant case there is no controversy between the purchaser and the landholder; it is a controversy between the lienholders. The mortgagee lienholder who instituted the original action failed to make other lienholders parties to its action; therefore the other lienholders, under the provisions of sections 29 and 692 of the Civil Code of Practice, had the right to intervene in the manner they did.

We now come to the question of the right of the purchaser or master commissioner of the court to pay the street assessments and the other tax liens out of the proceeds of the sale of the property. It has been repeatedly held by this court that a purchaser at a judicial sale has the right to pay outstanding tax liens and take credit therefor on the sale bonds or to have such liens discharged out of the purchase money. Tipton v. Parrott, 214 Ky. 186, 282 S. W. 1099, 1100; West v. McDonald (Ky.) 113 S. W. 872; Pedley v. Williams, 181 Ky. 336, 205 S. W. 323.

In Tipton v. Parrott, supra, said the court:
"* * * The purchaser at the sale, whether or not the commission had said anything, and whether or not he knew of its existence, had the right either to pay that outstanding lien and take credit for it on his sale bond, or to have it paid out of the purchase money. It is a right that springs up not upon the purchaser filing exceptions to the sale. It exists as a rule of property, and was adopted by this court as an equitable adjustment between the purchaser at a judicial sale and the owners of the property sole on account of such liens. The purchaser saves himself by taking action before the court loses control of the proceeds of the sale."

We think under the facts disclosed by the record in this case it comes clearly within the rule as enunciated in the above-cited authorities.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.