## Hill v. Title Insurance & Trust Co.
### (Decided Dec. 11, 1935.)

GOLDEN & LAY for appellant.

ANDREW M. SEA, Jr., and W. E. CABELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

The appeal is from a judgment sustaining exceptions to and setting aside a judicial sale.

The facts are: The Title Insurance Company, trustee, had a mortgage on certain lots in Pineville belonging to H. D. Arterberry, and designated as Tracts A, B, C, and D, to secure an indebtedness of $4,898. Suit was brought to enforce the lien. Judgment for the debt, interest, and costs was rendered, and the property was ordered sold and the proceeds applied to the payment of the judgment. Pursuant to advertisement, the sale took place on September 10, 1934. Tracts A, B, and D, were purchased by the mortgagee, but Tract C, which was appraised at $1,200, was purchased by Mrs. Ida Hill for $1,030. The sale was reported by the master commissioner and confirmed. Learning that there were tax liens against the property aggregating $600.28, Mrs. Hill asked that the master commissioner be directed to pay the taxes from the proceeds of the bond which she had executed, or that she be permitted to pay the taxes and take credit on the bond. The motion was resisted by appellee on the ground that the master commissioner announced in the presence of Mrs. Hill and others that the property would

be sold subject to the unpaid liens for taxes and street improvements, and that the purchaser would have to assume and pay the liens in addition to the purchase price, and several affidavits to that effect were filed. When the matter came on for hearing, the appellee also filed exceptions to the report of sale and relied upon the affidavits in support of its motion to have the sale set aside. The only evidence tending to show that nothing was said about the tax liens is the affidavit of Mrs. Hill that at the time the commissioner sold the property he did not disclose to her or any one that there were any debts or tax liens against the property.

On behalf of appellant, it is argued that the sale should not have been set aside for the reason that the judgment adjudged appellee a first and prior lien on the property, that the master commissioner was without authority to change the judgment, and that under the rule announced in Tipton v. Parrott, 214 Ky. 186, 282 S. W. 1099, and Louisville Title Company v. White Construction Co., 250 Ky. 212, 62 S. W. (2d) 795, appellant as purchaser had the right to pay outstanding tax liens and take credit therefor on the sale bond, or to have such liens discharged out of the purchase money. Though the argument is ably pressed, there are other circumstances that must not be overlooked. The affidavits of the master commissioner and several others who were present at the sale leave no doubt that he announced in the presence and hearing of appellant and others that the sale would be made subject to the tax liens. Whether he had the authority to make the announcement is not material. It was made, and was calculated to mislead appellee as to the amount it was necessary to bid in order to protect its rights, and appellee permitted the property to be knocked off to appellant on the theory that she would pay the tax liens. The act of the commissioner was in a sense attributable to the court, and to permit the sale to stand with the right to have the tax liens paid out of the purchase price, in the face of the announcement that the purchaser would have to pay the tax liens, would work a manifest hardship on appellee. We are therefore constrained to hold that the chancellor dealt with the situation in the fairest way possible by setting aside the sale and ordering a resale of the property. Sullivan v. Wright, 201 Ky. 22, 255 S. W. 848.

Judgment affirmed.