# City of Irvine v. Kirby et al.

Jan. 31, 1939.

HUGH RIDDELL for appellant.

SHUMATE & SHUMATE and JAMES S. LACKEY for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The City of Irvine brought this action in the Estill circuit court for the benefit of the holders of sundry street improvement bonds against Frank Kirby and wife, in which a number of defendants were also joined who owned other pieces of city property, subject to the apportioned cost assessed against them for street improvements. Only so much of the record of these joined suits as relates to the foreclosure proceeding against the Kirby property is here before us.

The propriety of the various steps followed in this proceeding is not questioned nor particularly that appertaining to the regularity of the judgment directing an enforcement against the Kirby property of the street improvement lien assessed against it by the directed judicial sale, the commissioner's report and later order of confirmation thereof made at the 1935 February term of the court. Also, it may be stated that while the defendant owners of the property did not defend the suit, the mortgagee thereof did file an answer and cross petition in the suit, setting up her mortgage lien held against the property to secure payment of an $800 loan made thereon to the defendants, Frank Kirby and wife, and asking that out of the remainder of proceeds derived from the directed sale of this property her mortgage lien, second to the city's lien against it, be paid.

The court adjudged that the property be sold by its commissioner for the payment, first, of the city's street improvement lien, amounting to $74.91, with interest thereon from August 1, 1931 until paid, and penalty in the amount of $7.49; and that, out of the sale proceeds remaining, the mortgage debt of the intervening petitioner should be paid.

Pursuant to the directions of the judgment, the Kirby property was thereafter appraised at the sum of $1,300 and a sale made of it to Ezart Ashcraft, as the highest and best bidder, at the price of $250, for which he executed purchase money bond payable in six months. This sale was reported and confirmed at the February, 1935, term of the Estill circuit court without exceptions made thereto.

On the sale bond there was endorsed by the purchaser his assignment of his bid and interest in the property to appellee, Cloria Ashcraft, on February 3, 1936.

At a later day in this February, 1936, term of the court, the assignee of the purchaser's bid and interest in the property, Cloria Ashcraft, filed her motion, wherein she stated that there were certain delinquent state, county and city tax liens against the Kirby property, amounting to $196.02, which she had paid, to be allowed credit therefor on the sale bond, which had been assigned her by Ezart Ashcraft, the purchaser of the property, on February 3, 1936. This motion the court sustained.

The City of Irvine appeals, contending that the court prejudicially erred in sustaining this motion made for an allowance of credit on the purchase price at this February, 1936, term of court, practically a year after the February, 1935, term of court at which the commissioner's report of sale had been confirmed, without exception then made to it or motion made during that term for an allowance of credit to purchaser on the sale bond for the amount of delinquent taxes owing and due against the property; that the court was in such case, under the well-established rule, precluded from considering, after the termination of the term of court at which the order confirming report of sale was made, any motion made for the allowance of credit upon the purchaser's sale bond for the amount of delinquent taxes owing upon the property and paid by its purchaser.

The appellee responds that under section 950-1, Kentucky Statutes, the city has no right of appeal, in that the judgment of the lower court, she contends, in ordering the allowance of credit in the sum of $196.02 to her upon her sale bond, is for a money judgment in an amount less than $200.

However, we conceive such contention is not to be sustained, in that the question here presented as to this credit allowance is not whether its amount was proper, or whether the street improvement lien or the general tax lien was valid, but rather is as to whether or not the purchaser, as the result of a sale of the property to collect street improvements, has the right to require the allowance of credit upon her sale bond given therefor in the amount of the delinquent taxes paid by her, which was also a statutory lien against the property.

Section 950-1, Kentucky Statutes, expressly provides that an appeal may be taken to the court of ap-

peals as a matter of right from a judgment of the circuit court in all cases in which the right to enforce a statutory lien is directly involved, in which case this court has jurisdiction of the appeal, no matter how small the amount of the tax, in that a suit to enforce a tax lien or a street improvement lien is one to enforce a statutory lien, of which the court has jurisdiction, regardless of the amount involved.

As to the further question presented by the appeal, as to whether a credit may be given the appellee in the amount of the delinquent taxes paid by her upon the bond of the purchaser, given as such for the purchase of land lost in an action to enforce a street improvement lien assessed against it, as here ordered and allowed by the court, it is not here necessary to decide it, for the reason that under the rule as announced and applied in the late case of Columbia Life Insurance Co. v. Smith, 271 Ky. 133, 111 S. W. (2d) 618, even where the relationship is that of owner and purchaser of the property, the purchaser would not be entitled to credit for the amount of the statutory liens for past due and unpaid taxes on the land purchased, unless such question were raised and presented by exceptions to the sale either before its confirmation or during the term of court at which the order of confirmation was made, and while the control of the sale proceeds of the sale bond remained in the hands of the court.

Upon the authority of the Smith Case, we are led to conclude that the court, in allowing the credit moved for by appellee upon her sale bond in the amount of the delinquent taxes paid by her, when not moved for until practically a year after confirmation of report of sale and at a different term of court, made a reversibly erroneous ruling, for which reason its judgment should be and it is reversed.